|   |   |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| v. | ) No. CR-09-0167-DLJ |
| Edward Sullivan, | ) **ORDER** |
| Defendant. | ) |

Following completion by the government of its case-in-chief in this bench trial, on January 3, 2011 defendant Sullivan filed a Rule 29 Motion to Dismiss. This Motion asserted that Count One of the Indictment, for the production of child pornography, should be dismissed for lack of venue; that Count Two of the Indictment, for the possession of child pornography, should be dismissed for lack of subject matter jurisdiction; and that both of the counts should be dismissed for insufficiency of the evidence. A hearing on this matter was held on January 5, 2011. The United States was represented at the hearing by Attorneys Andrew Huang and Alecia Wolak and defendant was allowed to represent himself and was also represented by Attorneys Ian Loveseth and Matt Springman. Having reviewed the papers and having heard oral argument on this matter, the Court finds the following.

**I. BACKGROUND**

The following facts are those relevant to the current Rule 29 Motion. Defendant was convicted in California state court of unlawful sex with a minor and prostitution of a minor under 16 years of age. When the events of this case occurred

Sullivan was on state parole for those violations.

Because of the nature of his offenses, Defendant was subject to both standard and special conditions of parole. <u>See</u> Attachments 1 and 2 to the Tran Decl.

The Special Conditions included the following:

• You shall not have contact with females between the ages of 14 and 18 years. "No contact" means exactly that. No contact in any form, whether direct or indirect, personally, by telephone, letter, electronic, computer, or through another person.

Tran Decl. at Attach. 2.

Sometime in the afternoon of Monday, March 3, 2008, the defendant met the minor girl involved in this case for the first time somewhere on the streets of Berkeley. The girl has been referred to as "D.T." throughout these proceedings. After meeting, the girl went with the defendant and was with him for the next two weeks. The girl was never returned to her home in Berkeley and did not go to her school classes during this time. When she did not return home, D.T.'s mother notified the local police that she was missing.

The first night after he picked her up, the defendant took the girl to the Vacaville home of a friend, Kimberlea Reed. The next day they returned to the Oakland area and stayed at the Bay Breeze Inn in Oakland. During the next two weeks they stayed at the Inn on some nights, spent some nights in defendant's car, and returned at least once to the Vacaville house.

During the time they were together the defendant purchased

1   new clothing for the girl and had her hair straightened and
2   restyled.  On several occasions the defendant made videos of
3   the girl including a time which she was dressed in her new
4   clothing.  During the videos the defendant discussed the
5   subject of prostitution with the girl. In one of the videos the
6   defendant discussed a past incident where the girl had
7   indicated she wanted to leave the defendant and the defendant
8   had taken steps to restrain her from doing so. While they were
9   at the Bay Breeze Inn the defendant engaged in sexual
10  intercourse with the girl.

11       At some point during the two weeks, defendant and the girl
12  returned to the house in Vacaville and while there the
13  defendant made a video of himself and the girl which
14  constitutes the production and possession of the visual
15  depiction which is the basis of this prosecution.  In this
16  video, at the verbal and non-verbal direction of the defendant,
17  the girl performs oral sex on the defendant.  The video is made
18  with a camera which was manufactured in China and exported to
19  the United States.

20       On March 17, 2008, The Oakland Police ("OPD") stopped
21  D.T. on International Boulevard for suspicion of engaging in
22  prostitution.  Defendant was nearby at the time.  D.T. was
23  questioned at that time as to whether Sullivan was her pimp.
24  She denied it. D.T. was returned to her parent's house.  Once
25  she was home, D.T. told her mother that Sullivan had pimped and
26  raped her.  D.T.'s mother took her to the hospital and D.T.
27  gave a report to the police.  Because by D.T.'s account, the
28

3

1  incident began in Berkeley, the matter was transferred to the
2  Berkeley police department's jurisdiction.
3      After receiving information from D.T.'s mother as to what
4  defendant had done, parole authorities revoked his parole as of
5  March 24, 2008.  On March 25, 2008 defendant was arrested by
6  parole agents in Oakland.  At the time of his arrest the camera
7  on which the oral sex video was made seized from the defendant.
8  At the same time a laptop computer possessed by the defendant
9  was also seized.  The computer also contained the oral sex
10 video which had been taken by the defendant and which had been
11 downloaded onto the computer from the camera.
12     At trial the government introduced the victim's birth
13 certificate as well as testimony from the victim's mother
14 proving that the victim was a minor born in November 1993.
15     Defendant has now brought a motion to dismiss arguing that
16 the case against him should be dismissed: (1)  as brought in
17 the improper venue; (2) that the court lacks jurisdiction over
18 the possession count in that the nexus to interstate commerce
19 for possession of the video is constitutionally insufficient;
20 and (3) that the government has not met its burden on the
21 element of the victim's age.

**II.   LEGAL STANDARD**

Federal Rule of Criminal Procedure 29 provides in pertinent part that:

> (a) Before Submission to the Jury. After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion

4

> must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

Fed. R. Crim. Pro. 29(a).

**III. DISCUSSION**

    A.   Venue

Defendant argues that the Production of Child Pornography count of the Indictment must be dismissed for lack of venue[1]. Count One states that:

> In or about March 2008, in the Northern District Of California and elsewhere, the defendant Edward Lee Sullivan did knowingly employ, use persuade, induce, entice and coerce a minor, known as D.T., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shopped, and transported in interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Section 2251(a).

To convict the defendant of violating 18 U.S.C. § 2251(a), as charged in Count One, the Court must find the following beyond a reasonable doubt:

> (1) At the time, D.T. was a minor;
> (2) The defendant employed, used, persuaded, induced, enticed, or coerced D.T. to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and
> (3) The visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

---

[1] In the title of his Rule 29 Motion, Defendant refers to the Production of Pornography count as Count Two, but it is actually Count One of the Indictment

5

Federal Rule of Criminal Procedure 18 requires prosecution of "an offense in a district where the offense was committed." Fed. R. Crim. Pro. 18.  Venue need only be proven by a preponderance of the evidence.  <u>United States v. Powell</u>, 498 F.2d 890, 891 (9th Cir. 1974), citing <u>United States v. Trenary</u>, 473 F.2d 680. 682 (9th Cir. 1973).  Citing to a Second Circuit Case, defendant argues that the offense must be prosecuted where the crime's "essential conduct" took place.  <u>U.S. v. Ramirez</u>, 420 F.3d 134 (2nd Cir. 2005).

The government does not argue that defendant has waived a challenge to the venue, nor has defendant done so, since the alleged defect in venue is not facially apparent on the Indictment.  Therefore defendant may object to venue at the close of the government's case.  <u>United States v. Ruelas-Arrequin</u>, 219 F.3d 1056, 1060 (9th Cir. 2000))

It is undisputed that the video at issue (denominated "100-0064.mov") was actually filmed at the home of Kimberlea Reed (then known as Kimberlea Evans) in Vacaville, which is in the Eastern District of California; with the result, defendant argues, that the production charge can only be tried in the Eastern District.  The government argues that venue is not limited to a single district and is still proper in the Northern District as defendant first met the victim in Berkeley; the defendant and the victim traveled back and forth from the home in Vacaville to the Oakland area; and the inducement, persuasion, enticement and coercion elements of the crime leading to the creation of the video were part of a

6

course of conduct between the defendant and the victim, the majority of which occurred in the Northern District. This reading is not inconsistent with the test set out in <u>Ramirez</u>, the case relied upon by defendant.

In the <u>Ramirez</u> case relied upon by the defendant, the court stated that:

> When a federal statute defining an offense does not specify how to determine the location where the crime was committed, "[t]he locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Cabrales, 524 U.S. 1, 6-7, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998) (quoting United States v. Anderson, 328 U.S. 699, 703, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946)). To carry out that task, we must "initially identify the conduct constituting the offense," and then "discern the location of the commission of the criminal acts." United States v. Rodriguez-Moreno, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999). As the Supreme Court explained in Rodriguez-Moreno, it is often helpful to look to the verbs of a statute in identifying the conduct that constitutes an offense, but the "verb test" should not be applied "to the exclusion of other relevant statutory language." Id. at 280, 119 S.Ct. 1239.

The victim did "take part" in the conduct in Vacaville, but the persuasion, inducement, enticement and coercion that made the video possible in Vacaville had their genesis in Oakland. The defendant established and maintained physical and mental control over the relationship between himself and the girl from the time she first entered his car, and exercised that control in taking the video in Vacaville. Given the testimony at trial as a whole about the coercive and abusive relationship between defendant and the victim and the relative age disparity between them, the Court finds that the creation

7

of the video (one of several) was carried out as a result of the ongoing relationship between defendant and the victim which took place in both the Northern District and Eastern Districts.

The Court also concurs with the government's second basis for venue in the Northern District, the ultimate recovery of the camera and the video itself in the Northern District and the fact that the images at issue traveled through the Northern District of California.

For support the government cites to 18 U.S.C. § 3237(a) which provides that:

> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

The testimony at trial showed that the camera used by the defendant to make the oral sex video was used in Oakland before that incident, was taken to Vacaville where it was used by the defendant to make that video, and that the camera and the video made with the camera were thereafter taken by defendant to Oakland where they were seized by parole agents. Therefore the camera meets the criteria above of having been mailed or shipped in interstate and foreign commerce, and having moved through the Northern District.

The government cites to U.S. v. Kapordelis, 569 F.3d 1291 (11th Cir. 2009) for the proposition that venue is proper in the district where the camera used to make child pornography was

8

recovered, even if the images were taken elsewhere.

In Kapordelis, the defendant created pornographic images of children in Greece and in North Carolina, although he was prosecuted in Georgia. Defendant argued therefore that venue in Georgia was improper. The Eleventh Circuit Court found that 18 U.S.C § 2251(a) ties the punishment for the "use" of a minor in and "production" of visual depictions of sexually explicit conduct to the transport of the visual depictions or the means of producing those visual depictions in interstate or foreign commerce. The Court found that under 18 U.S.C. § 3237, the violation of § 2251(a) was a "continuing offense" and that therefore venue in Georgia was appropriate because the camera used in the creation of the images moved ultimately into Georgia.

The Court finds that the "continuing offense" circumstances found in Kapordelis are also present in this case, and that for the same reasons venue would be proper in the Northern District.

Moreover this finding is consonant with principles of judicial economy. Defendant concedes that the entire case could have been brought in the Eastern District, and that Count Two, the possession count, is properly venued before this court. The possession count is based entirely on the same video as the production count. The Court is not aware of any precedent which would require it to artificially carve out the filming of the video apart from the conduct which led to its creation for the purpose of having two exactly similar trials

9

in two separate districts. Therefore the request to dismiss Count One for lack of venue is denied.

B. Subject Matter Jurisdiction over the Possession Count

Defendant argues that the fact that Sullivan's camera and laptop were manufactured in China is insufficient interstate nexus to meet the elements of a charge of possession of pornography. Defendant cites United States v. McCoy, 323 F.3d 1114, 1117 (9th Cir. 2003) as support for his argument. In McCoy a family was at home painting Easter eggs and taking family photographs. At some point during the evening, the mother and minor daughter partially unclothed, posed side by side for the camera, with their genital areas exposed. This pose was captured in one photograph.

The mother was charged with one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). After a lengthy analysis of the reaches of the Commerce Clause as applied to the facts of this case, the Ninth Circuit ultimately held that:

> § 2252(a)(4)(B)'s application to the simple intrastate possession of a visual depiction (or depictions) that has not been mailed, shipped, or transported interstate and is not intended for interstate distribution or for economic or commercial use, including the exchange of the prohibited material for other prohibited material, cannot be justified under the Commerce Clause.

United States v. McCoy, 323 F.3d at 1117.

The government argues that defendant's reliance on McCoy is misplaced as McCoy has been overruled by the reasoning of

10

the Raich case, Raich v. Gonzales, 500 F.3d 850 (9th Cir. 2007). See United States v. McCalla, 545 F.3d 750 (9th Cir. 2008). In McCalla, defendant was charged with both production and possession of child pornography. He moved to dismiss the charges on the grounds that Court lacked subject matter jurisdiction under the Commerce Clause. The Ninth Circuit rejected defendant's arguments on production. As to the possession charge, the Court also upheld the denial of the motion to dismiss finding specifically:

> McCalla's reliance on our decision in United States v. McCoy, 323 F.3d 1114, 1117 (9th Cir.2003), a case in which we found unconstitutional the application of § 2252 to a mother who possessed a single photograph in which she and her child appeared partially nude, is misplaced. McCoy involved possession of child pornography, rather than its production. **Moreover, to the extent the reasoning employed in McCoy relied on the local nature of the activity, it has been overruled by the Supreme Court's decision in Raich**.

United States v. McCalla, 545 F.3d at 756 (emphasis added).

While Sullivan urges the Court to rely on the reasoning of McCoy, despite the Ninth Circuit's subsequent holding in McCalla, the Court may not do so as it is bound by the Ninth Circuit's most recent holding. Therefore the Motion to Dismiss Count Two for lack of subject matter jurisdiction is denied.

C. Is The Evidence Sufficient to Sustain the Charges Against Sullivan?

Sullivan argues that there is insufficient evidence to show that he knew or reasonably could have known the age of the victim. This argument entirely misconstrues the burden of

11

proof on the issue of age for Count One, the production count. To prove that defendant was guilty of production of child pornography under 18 U.S.C. § 2251, the government need only prove that the victim was in fact a minor. The government has met its burden of proof with the introduction of the undisputed evidence of her age from her mother and her birth certificate that she was 14 years old when the oral sex video at issue was produced.

Pursuant to a narrow exception created by case law in United States v. Kantor, 858 F.2d 534, 538 (9th Cir. 1988) a defendant in a production of child pornography case is permitted to mount an affirmative defense that he did not know or could not reasonably have learned the victim's age. The burden of going forward with any evidence as well as the burden of proving the existence of the facts comprising the defense by clear and convincing evidence is squarely on the defendant, not the government. Therefore, at this juncture in the trial the Court finds that the government has met the only burden of proof on the issue of age placed on it. Whether under the totality of the evidence the defendant may prove an affirmative defense is not in issue at the present stage of the proceedings.

Defendant has not explicitly argued in his Rule 29 Motion that the government has not met its burden of proof on the issue of age as to the second count. On the second count, the count of possession of child pornography in violation of 18 U.S.C. § 2252A(4), the government must prove the following

12

beyond a reasonable doubt:

> (1) The defendant knowingly possessed a matter that the defendant knew contained a visual depiction of a minor engaged in sexually explicit conduct;
>
> (2) The defendant knew the visual depiction contained in the matter showed a minor engaged in sexually explicit conduct;
>
> (3) The defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and
>
> (4) The visual depiction had been produced using material that had been mailed, shipped, or transported in interstate or foreign commerce.

18 U.S.C. 2252(a)(4)(B).

The third element places the burden on the government to prove that the defendant knew that the production of the visual depiction involved the use of a minor. As in this case the defendant both produced and possessed the video, all testimony regarding the defendant's age introduced at trial thus far is relevant to the issue of proof as to the third element of the possession count. The Court finds that at this juncture the government has introduced sufficient evidence on this point for the issue to proceed to the trier of fact. Therefore, the Court denies the defendant's motion to dismiss for insufficiency of evidence.

**IV. CONCLUSION**

For all of the reasons stated above, Defendant's Rule 29 Motion to Dismiss is DENIED in its entirety.

IT IS SO ORDERED.

Dated: February 3,_2011          _____
                                 D. Lowell Jensen
                                 United States District Judge

13