United States of America,        )
                                 )
              Plaintiff,         )
                                 )
     v.                          )
                                 )    No. CR-09-0167-DLJ
Edward Sullivan,                 )
                                 )    **ORDER RE: Renewed Rule 29/33**
                                 )    **Motions**
              Defendant.         )
_____)

Following completion by the government of its case-in-chief on January 3, 2011 defendant Sullivan filed a Rule 29 Motion to Dismiss. The Motion asserted that Count One of the Indictment, for the production of child pornography, should be dismissed for lack of venue; that Count Two of the Indictment, for the possession of child pornography, should be dismissed for lack of subject matter jurisdiction; and that both of the counts should be dismissed for insufficiency of the evidence. The Court denied this Motion in an order dated February 3, 2011.

Defendant, with the benefit of new counsel, has now filed renewed motions under Rule 23. He has also filed Motions for a New Trial under Federal Rule of Criminal Procedure 33, both through counsel, and separately in *pro se.* A hearing on these motions, as well as a number of other post-trial motions, was held on March 23, 2012. The United States was represented at the hearing by Attorneys Andrew Huang and Alecia Wolak and defendant was allowed to represent himself and was also represented by Attorney John Jordan. Having reviewed the papers and having heard oral argument on this matter, the Court denies

the Motions.

## I. Factual Background and Procedural History

Defendant was convicted in California state court of unlawful sex with a minor and prostitution of a minor under 16 years of age. When the events of the current case occurred Sullivan was on parole for those state law violations.

Because of the nature of his offenses, Defendant was subject to both standard and special conditions of parole. On March 17, 2008, The Oakland Police ("OPD") stopped a young woman referred to herein as "D.T." on International Boulevard in Oakland for suspicion of engaging in prostitution. Defendant was nearby at the time. DT was questioned at that time as to whether Sullivan was her pimp. She denied it. DT was returned to her parent's house. Once she was home, DT told her mother that Sullivan had pimped and raped her. DT's mother took her to the hospital and DT gave a report to the police. Because by DT's account, the abduction had happened in Berkeley, the matter was transferred to the Berkeley police department's jurisdiction.

On March 17, 2008, DT gave a report to the Berkeley police, stating that on March 3, 2008, Sullivan had forced D.T. into his automobile at gunpoint while she waited at a bus stop in Berkeley, had driven her to an apartment in Emeryville and had forced her to engage in prostitution on International Boulevard in Oakland over the course of two weeks.

Defendant was subsequently arrested and his camera and laptop computer were seized incident to the arrest. The search

2

of the laptop produced several videos of D.T., including one video showing D.T. performing oral sex on a male. The testimony in this case both by the victim and by Kimberlea Reed has been that this video was taken at a home in Vacaville, which falls in the Eastern District of California. That video, which was taken with defendant's camera and which was also found uploaded onto his laptop computer, is the basis for the current charges against Sullivan: production of child pornography under 18 U.S.C. 2251 and possession of child pornography under 18 U.S.C. 2252(A)(4).

At trial the government introduced the victim's birth certificate as well as testimony from the victim's mother proving that the victim was a minor. The victim testified that Sullivan never asked her what her age was.

On January 3, 2011 Defendant brought a motion to dismiss pursuant to Federal Rule of Criminal Procedure 29(a) arguing that the case against him should be dismissed because: (1) the case had been brought in the improper venue; (2) the court lacked jurisdiction over the possession count in that the nexus to interstate commerce for possession of the video was constitutionally insufficient; and (3) the government had not met its burden of proof on the element of the victim's age.

On February 3, 2011 this Court entered an Order denying the motion on all three grounds. The Court then entered a guilty verdict against defendant on February 25, 2011 on both the production of child pornography under 18 U.S.C. 2251 and possession of child pornography under 18 U.S.C. 2252(A)(4)

3

counts.

Subsequent to the entry of the verdict, but prior to sentencing, defendant's trial counsel was required to withdraw from the case due to health concerns, and new counsel was appointed for defendant. On September 9, 2011, new counsel for defendant filed a second Motion to Dismiss under Rule 29(c). This motion renews the three grounds raised in his initial Rule 29(a) motion. Counsel for defendant also now moves for a new trial under Federal Rule of Criminal Procedure 33(a). Defendant himself has also filed in *pro se* separate motions to Dismiss and for a New Trial.

II. Discussion

As noted above, there are currently two motions for a Judgment of Acquittal or New Trial on file: one filed by defendant through counsel (docket # 147) and one filed by defendant in *pro se* (docket # 153). The Court will address each one in turn below.

    A. Motion filed by Counsel Jordan.

        1. Rule 29 Motion

The motion filed by counsel renews the three grounds defendant had already raised in his initial Rule 29(a) motion, which motion the Court denied in its Order of February 3, 2011: (1) improper venue; (2) lack of subject matter jurisdiction over the possession of pornography count; and (3) insufficiency of evidence on the issue of the victim being a minor.

Defendant through his counsel also now moves for a new trial under Federal Rule of Criminal Procedure 33(a) on the

4

grounds the Court did not permit defendant to submit polygraph evidence regarding his knowledge of the age of the victim.

Looking first to the part of the Motion where defendant requests dismissal, Federal Rule of Criminal Procedure 29 provides in pertinent part that:

> c) After Jury Verdict or Discharge.
>
> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
>
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

Fed. R. Crim. Pro. 29(c).

(A) Proper Venue

Defendant reiterates his argument raised in the original Rule 29(a) motion that venue for the production of pornography count was solely in the Eastern District of California, as the video at issue was filmed in Vacaville, which is in the Eastern District.

Federal Rule of Criminal Procedure 18 requires prosecution of "an offense in a district where the offense was committed." Fed. R. Crim. Pro. 18.  Venue need only be proven by a preponderance of the evidence. United States v. Powell, 498 F.2d 890, 891 (9th Cir. 1974), citing United States v. Trenary, 473 F.2d 680. 682 (9th Cir. 1973).  Citing to a Second Circuit Case, defendant argues that the offense must be prosecuted

where the crime's "essential conduct" took place. <u>U.S. v. Ramirez</u>, 420 F.3d 134 (2nd Cir. 2005).

Count One of the Indictment states that:

> In or about March 2008, in the Northern District Of California and elsewhere, the defendant Edward Lee Sullivan did knowingly employ, use persuade, induce, entice and coerce a minor, known as D.T., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shopped, and transported in interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Section 2251(a).

To convict the defendant of violating 18 U.S.C. § 2251(a), as charged in Count One, the Court must find the following beyond a reasonable doubt:

> (1) At the time, D.T. was a minor;
> (2) The defendant employed, used, persuaded, induced, enticed, or coerced D.T. to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and
> (3) The visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

It is undisputed that the video at issue (denominated "100-0064.mov") was actually filmed at the home of Kimberlea Reed (then known as Kimberlea Evans) in Vacaville.

The government has argued that venue is still proper as the "inducement, persuasion and coercion" aspects of the crime leading to the creation of the video were part of a course of conduct between the defendant and the victim, the majority of which acts occurred in the Northern District.

For example, at trial the evidence demonstrated that defendant exerted physical coercion on the victim in Oakland

6

and that it was as a result of this persuasion and coercion that the victim made the video. This reading of the facts and the import of them is not inconsistent with the test set out in Ramirez, the case relied upon by defendant.

The Ramirez court stated that:

> When a federal statute defining an offense does not specify how to determine the location where the crime was committed, "[t]he locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Cabrales, 524 U.S. 1, 6-7, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998) (quoting United States v. Anderson, 328 U.S. 699, 703, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946)). To carry out that task, we must "initially identify the conduct constituting the offense," and then "discern the location of the commission of the criminal acts." United States v. Rodriquez-Moreno, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999). As the Supreme Court explained in Rodriquez-Moreno, it is often helpful to look to the verbs of a statute in identifying the conduct that constitutes an offense, but the "verb test" should not be applied "to the exclusion of other relevant statutory language." Id. at 280, 119 S.Ct. 1239.

The victim did "take part" in the conduct in Vacaville, but "coercion" and "persuasion" also happened in Oakland. Testimony at trial evidenced a pattern of continuous coercion not only in Vacaville but in Oakland as well – all of which affected the actions of the victim, including the making of the video.

Through the renewed motion, defendant urges the Court to reconsider is finding under U.S. v. Kapordelis, 569 F.3d 1291 (11th Cir. 2009) that the violation was a "continuing offense," as this position has never been adopted in the Ninth Circuit.

Defendant alleges that he was prejudiced by venue in this

7

District as this District is where the victim resides and also one which has a prostitution problem. Defendant asserts that these two factors "caution[ed] against the defendant choosing a jury trial." Motion at 9:17-19.

The Court finds no basis for reconsidering its holding that venue was proper in the Northern District both because of the continuing nature of the conduct and also as the possession count is based entirely on the same video as the production count. The Court is not aware of any precedent which would require it to artificially carve out the filming of the video apart from the conduct which led to its creation, for the purpose of having two exactly similar trials in two separate districts.

(B) <u>Subject Matter Jurisdiction over the Possession Count</u>

Defendant reargues his position that the fact that his camera and laptop were manufactured in China is insufficient interstate nexus on a charge of mere possession of pornography. Defendant raises no new arguments on this point, from those raised and rejected by the Court in the last motion and therefore rejects this argument again.

(C) <u>Sufficiency of the Evidence</u>

Defendant again asserts that the government's evidence on the issue of the victim being a minor was insufficient to support a conviction. There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

U.S. v. Magallon-Jimenez, 219 F.3d 1109 (9th Cir. 2000, citing Jackson v. Virginia, 443 U.S. 307, 319(1979). This same test applies to both jury and bench trials. Id.

Defendant has renewed the arguments made in his original Rule 29(a) motion. In this motion, Sullivan recognizes that as to the production of pornography count, defendant may present an affirmative defense that he did not or could not reasonably have known the age of the victim depicted in the pornographic material.  The burden is on the defendant to prove this affirmative defense by clear and convincing evidence. United States v. Kantor, 858 F.2d 534, 538 (9th Cir. 1988).

As to the affirmative defense, defendant reiterates that his evidence in support of the affirmative defense was his own testimony at trial that he was unaware of the victim's age and testimony that the victim showed him a state-issued ID card indicating that she was 18 years old, testimony which the Court found not to be credible.  Defendant, by raising the issue again despite the Court's finding, urges the Court to reconsider, but also notes that by raising the issue again he is intending to preserve it for appeal.

Defendant has not presented anything by way of the current motion which should cause the Court to reconsider its finding on that defendant has not met his burden of proof on the affirmative defense.

2. Rule 33 Motion

Defendant, through counsel, asserts that a new trial is warranted in order to allow defendant to take a lie detector

9

test on the issue of whether he was telling the truth about his knowledge of the victim's age, which evidence he would present to the Court in a new trial. Rule 33 provides that: "On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." Fed. R. Crim. P. 33.

In his trial, defendant had requested that the Court allow him to take a lie detector test and admit the results of that test. The Court has already considered this request on two separate occasions and denied it. See Docket Nos. 79, 104, 105 and 107.

Defendant argues that there is no *per se* rule against admission of lie detector tests. See e.g. U.S. v. Ramirez-Robles, 386 F.3d 1234 (9th Cir. 2004). While this may be true it does not answer the larger question, whether the admission of such information would have been deemed helpful to the Court, who was the finder of fact at this trial. Rule 704(b) prohibits an expert witness from testifying to a state of mind or condition constituting an element of the crime. Therefore, at most the lie detector test could be introduced to bolster the credibility of defendant's testimony. Determining the credibility of the witness, is in the "exclusive province" of the fact-finder and the Court determined that expert testimony on this issue would not be necessary or helpful. Therefore, as the Court had already ruled that the admission of the results of a lie detector test would not be helpful to the trier of fact, there is no basis to grant a new trial to admit such

10

evidence and the Court denies defendant's Motion for a New Trial.

B.   Motion for New Trial Brought in *Pro Se* by Defendant (docket No. 153).

In addition to the Motion for a New Trial filed by defense counsel, defendant has filed his own separate motion. Defendant raises a number of issues in his motion.

1.   <u>Sufficiency of the Indictment</u>

Defendant alleges a series of defects in the indictment. See Def.'s Mot. at 2-4. Federal Rule of Criminal Procedure 12(b)(3)(B) addresses the timing for a defendant to make a motion regarding defects in an Indictment. Rule 12(b)(3)(B) provides as a follows:

> (3) Motions That Must Be Made Before Trial. The following must be raised before trial:
> . . .
> (B) a motion alleging a defect in the indictment or information—but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense; . . . .

Fed. R. Crim. Pro.  12(b)(3)(B)

Generally speaking therefore, only certain alleged problems with an Indictment may be raised after trial. Here defendant appears to be alleging certain possible exceptions in the section of his brief entitle: "The Indictment was Defective, Failing to Confer Territorial, Statutory, and Subject Matter Jurisdiction on this Court." See Def.'s Mot. at 2. However, the substance of this section addresses only a perceived lack of specificity in the Indictment, which issue is

11

waived at this point.

As to the issue of jurisdiction, paragraph 10 states that defendant's complaint about "territorial, statutory, and subject matter jurisdiction" is a concern that the phrase "Northern District of California and elsewhere" is too expansive. These allegations are insufficient to raise a viable challenge to the Indictment.

Defendant further argues that there is a problem with Count One of the Indictment because it alleges the offense in the conjunctive ("and") while the statue reads in the disjunctive ("or"), and that therefore, the offense alleged was "not part of any statute of the United States, and as such, conferring no jurisdiction upon this Court for review." See Def.'s Mot at ¶ 12.

Pleading an offense in the conjunctive where the statute uses the disjunctive, however, does not mean that the indictment failed to state an offense: "When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any one of those conjunctively charged acts may establish guilt." United States v. Booth, 309 F.3d 566, 572 (9th Cir. 2002) (citing, *inter alia*, United States v. Urrutia, 897 F.2d 430, 432 (9th Cir.1990); United States v. Bettencourt,614 F.2d 214, 219 (9th Cir.1980)).

The Court find that defendant's claims of defects are not timely raised nor has be brought to the Court's attention any defects which require dismissal.

12

2. <u>Warrantless Search and Rule 41 Violations</u>.

Defendant next re-alleges defects in the searches and seizures that resulted when he was arrested in 2008. <u>See</u> Def.'s Mot. at 4. The Court has already addressed these issues in the defendant's earlier Motion to Suppress. <u>See</u> Dkt. No. 40, 55 (Def.'s Mot. Suppress), and 102 (Ord. Denying Def.'s Mot. Suppress). The defendant has presented no basis for the Court to reconsider this Order. Additionally, Federal Rule of Criminal Procedure 12(b)(3)(C) requires motions to suppress to be raised before trial, therefore had the Court not already addressed these issues raising them now would be untimely.

3. <u>Analysis of the Evidence</u>.

Defendant next takes issue with the manner in which evidence was admitted and the Court's factual findings based on that evidence. <u>See</u> Def. Motion at p.5. To the extent that defendant believes the Court has made some errors in its factual findings, this is an issue which defendant may find his recourse on appeal.

4. <u>Enhanced Penalties</u>.

The defendant makes assertions about the alleged wrongfulness of the enhanced penalties. This issue is the subject of a separate motion, and will be addressed as part of that Motion.

5. <u>Sexually Explicit Conduct</u>.

Finally, the defendant argues that the government has failed to adequately prove at trial that "'sexually explicit conduct' was in fact occurring and captured in digital media."

13

Def.'s Mot. at ¶ 41.

Under Rule 29, a " judgment of acquittal is improper if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." United States v. Kellington, 217 F.3d 1084, 1094-95 (9th Cir. 2000) (internal citations omitted)). At trial the victim authenticated the video, without objection, and testified that the video depicted her and that the penis depicted was the defendant's. See Tr. at 3:344-45.  Based on all of the testimony presented, the Court has already found that the child pornography at issue depicted actual sexually explicit conduct and sees no reason to revisit that finding.

III. Conclusion

For all of the reasons stated above, defendant's Motion for Judgment of Acquittal or New Trial(docket # 147) and Motion for a New Trial filed by defendant in *pro se* (docket # 153) are both DENIED.

IT IS SO ORDERED.

Dated: April 12, 2012                              _____
                                                    D. Lowell Jensen
                                                    United States District Judge

14