|   |   |   |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-09-0167-DLJ |
| Edward Sullivan, | ) | |
| | ) | **ORDER RE: Motion to Dismiss Count Two of the Indictment on the Grounds of Double Jeopardy** (Docket # 148) |
| _____ | ) | |

Defendant was tried before this Court over the course of 13 days in December 2010, January and February 2011. At the conclusion of the trial, defendant was found guilty on both Counts of the Indictment: Count One, the production of child pornography in violation of 18 U.S.C. § 2251(a); and Count Two, the possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4).

Subsequent to trial, Defendant, substituted counsel. Counsel and defendant each have filed a number of post-trial motions. One of these motions was a Motion to Dismiss Count Two of the Indictment on Double Jeopardy Grounds. A hearing on this motion, as well as a number of other post-trial motions, was held on March 23, 2012. The United States was represented at the hearing by Attorneys Andrew Huang and Alecia Wolak and defendant was allowed to represent himself and was also represented by Attorney John Jordan. Having reviewed the papers and having heard oral argument on this matter, the Court denies the Motion.

I.   <u>Factual Background and Procedural History</u>

Defendant was convicted in California state court of unlawful sex with a minor and prostitution of a minor under 16 years of age. When the events of the current case occurred Sullivan was on parole for those state law violations.

Because of the nature of his offenses, Defendant was subject to both standard and special conditions of parole. On March 17, 2008, The Oakland Police ("OPD") stopped a young woman referred to herein as "D.T." on International Boulevard in Oakland for suspicion of engaging in prostitution. Defendant was nearby at the time. DT was questioned at that time as to whether Sullivan was her pimp. She denied it. DT was returned to her parent's house.

On March 17, 2008, DT gave a report to the Berkeley police, stating that on March 3, 2008, Sullivan had forced D.T. into his automobile at gunpoint while she waited at a bus stop in Berkeley, had driven her to an apartment in Emeryville and had forced her to engage in prostitution on International Boulevard in Oakland over the course of two weeks.

Defendant was subsequently arrested and his camera and laptop computer were seized incident to the arrest. The search of the laptop produced several videos of D.T., including one video showing D.T. performing oral sex on a male. That video, which had been taken with defendant's camera and which was found uploaded onto defendant's laptop computer, is the basis for the current charges against Sullivan: production of child pornography under 18 U.S.C. 2251 and possession of child

2

pornography under 18 U.S.C. 2252(A)(4).

Subsequent to the entry of the verdict, but prior to sentencing, defendant's trial counsel was required to withdraw from the case due to health concerns, and new counsel was appointed for defendant. New Counsel for defendant filed a Motion to Dismiss Count Two of the Indictment on Double Jeopardy Grounds arguing that the production count and the possession count are really one and the same.

II. Discussion

The defendant argues that under the facts and circumstances of this case the Constitution forbids his convictions for both production of child pornography, in violation of 18 U.S.C. § 2251(a) (count one); and simultaneous possession of the same child pornography, in violation of 18 U.S.C. § 2252(a)(4) as a violation of double jeopardy.

The Fifth Amendment's prohibition on double jeopardy protects criminal defendants against being punished twice for a single criminal offense. U.S. Const. amend. V. "When a defendant has violated two different criminal statutes, the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." United States v. Davenport, 519 F.3d 940, 943 (9th Cir.2008).

Defendant asserts that Count 1 of the Indictment against him alleges that "in or about March 2008" he "knowingly employed, used, persuaded, enticed, and cooerced a minor...to engage in sexually explicit conduct" in violation of 18 U.S.C.

3

§ 2251(a) and that Count 2 alleges that in the same time frame, "in or about March 2008," he knowingly possessed "matters which contained visual depictions ...of a minor engaging in sexually explicit conduct" in violation of 18 U.S.C. § 2252(a)(4)(B).

These two statutes, he argues, punish the same act, the simultaneous production and possession of the oral sex video in issue in this case. Defendant looks to the Indictment as well as the facts of the case and states that "the possession charge here is based on the same conduct as the production charge, and was committed at the same instant the production offense was committed." Def. Double Jeopardy Motion at 3:26-28.

The government counters that legally and factually these are two separate counts. The government first looks to the Blockberger test to analyze whether legally the claims are the same. The Supreme Court set forth a generally applicable test in Blockburger v. United States, 284 U.S. 299 (1932), to determine whether two statutory provisions prohibit the same offense. The Blockburger test, as it has become known, states: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304. The Blockberger analysis focuses on the statutory elements of the offenses, not the actual evidence presented at trial. U.S. v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir. 2005).

The government argues that, these charges are separate

4

under <u>Blockberger</u> because to convict the Defendant of violating 18 U.S.C. § 2251(a), the Government had to prove the following elements beyond a reasonable doubt:

    (1) At the time of recording, D.T. was a minor;

    (2) The Defendant employed, used, persuaded, induced, enticed, or coerced D.T. to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

    (3) The visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

<u>See</u> Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit ("Model Jury Instr.") 1.181 (Sexual Exploitation of a Child) (2010 ed.); 18 U.S.C. § 2251(a).

In order to convict the Defendant of violating 18 U.S.C. § 2252(a)(4)(B), the Government had to prove the following elements beyond a reasonable doubt:

    (1) The Defendant knowingly possessed a matter that the Defendant knew contained a visual depiction of D.T. engaged in sexually explicit conduct;

    (2) The Defendant knew the visual depiction contained in the matter showed D.T. engaged in sexually explicit conduct;

    (3) The Defendant knew that production of such a visual depiction involved use of D.T. engaged in sexually explicit conduct; and

    (4) The visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

<u>See</u> Model Jury Instr. 1.185; 18 U.S.C. § 2252(a)(4)(B).

The government argues that under the <u>Blockburger</u> test, these sections are distinct crimes, because Elements One and Two of the production of child pornography statute do not

5

1    overlap with Elements One, Two, and Three of the possession of
2    child pornography statute.
3         Defendant, in contrast, supports position that double
4    jeopardy is implicated here with citation to United States v.
5    Lynn, 636 F.3d 1127, as amended, and its fellow cases.
6         In Lynn, defendant had downloaded child pornography videos
7    and images from the Internet through a peer-to-peer file
8    sharing program called Limewire.  Lynn was indicted for receipt
9    or distribution of child pornography in violation of
10   § 2252(a)(2) and possession of child pornography in violation
11   of § 2252(a)(4)(B).
12        On appeal Lynn contended that his convictions for receipt
13   and possession of child pornography, were based on essentially
14   the same evidence, and therefore violated the Double Jeopardy
15   Clause of the Fifth Amendment. In determining whether's Lynn's
16   conviction for both receipt and possession violated double
17   jeopardy, the Ninth Circuit looked first to prior cases such as
18   United States v. Schales, where the Court had found a double
19   jeopardy violation and had concluded that possession of child
20   pornography under § 2252(a)(4)(B) is a lesser-included offense
21   of receipt of child pornography under § 2252(a)(2).
22        In Lynn the government argued that the case was
23   distinguishable from Schales and its progeny because the
24   possession count alleged conduct that was factually distinct
25   from the conduct alleged in the receipt count. The government
26   pointed  to two factors to demonstrate that it had charged and
27   proved separate conduct for each offense: (1) the dates the

indictment alleges the acts took place were different and (2) defendant took actions to move the depictions from one file folder to another file folder all on the computer's hard drive.

The Ninth Circuit held that the allegation of different dates of commission for each offense, by itself, was insufficient to create separate conduct. The <u>Lynn</u> Court further stated that for the charges to be separate, the government had to prove distinct conduct underlying each charge. The Court went on to analyze whether the transfer by defendant of digital image or video files from one folder to another on his laptop's hard drive constituted separate conduct so as to avoid double jeopardy.

Ultimately the Court found that movement between folders cannot reasonably be viewed as placing images onto a different medium so as to possess them separately since the files remained on the hard drive of the laptop at all times in the same digital format.

Here, the government factually distinguishes the line of cases which defendant relies on.  First, the government argues that these cases are not apposite as they involve not production of pornography but receipt of pornography. The Court finds that <u>Lynn</u> is factually distinguishable from the current case in two ways. First, defendant here is charged with counts of production and possession, not receipt and possession.

Second the Indictment and the facts adduced at trial here demonstrated that defendant had created the pornography on his digital camera and had transferred it to his laptop -- two

7

different mediums.  The video was taken on defendant's digital camera sometime between March 4, 2008 and March 17, 2008 and then subsequently was uploaded to and was stored on Sullivan's computer where it was ultimately located after it was seized on March 25, 2008. Under Schales, this allegation and proof of separate mediums is sufficient to pass constitutional muster. See U.S. v. Schales, 546 F.3d at 980. ("If the government wishes to charge a defendant with both receipt and possession of material involving the sexual exploitation of minors based on separate conduct, it must distinctly set forth each medium forming the basis of the separate counts.") See also U.S. v. Overton, 573 F.3d 679, 698 (9th Cir. 2009) (no double jeopardy where defendant used his home and work computers to download images of minors engaged in sexually explicit conduct, which he thereafter knowingly possessed in different physical media, including at least one computer hard drive and one computer disk).

    Looking at the elements of production and possession, the Court finds that while there is substantial overlap of the elements, neither are they the same nor is one is a lesser included offense of other.  Moreover, as discussed above, looking at the facts of this case, because defendant took actions to create the video on the digital camera and then separately acted to transfer that video from the digital camera to the laptop computer, the case fits within the confines of Schales, not Lynn.  The court finds that therefore both legally and factually there is no double jeopardy in this case.

8

In his reply, defendant alleges that Schales does not apply because "the government has failed to distinctly set forth different mediums in the production and possession counts." Looking at the language of the Indictment both counts clearly reference the use of a computer, but also allege that the statute is violated if the visual depiction was produced using materials which had been shipped in interstate commerce. Moreover, the forfeiture allegation which incorporates these counts, specifically states that the property to be forfeited was that used to commit the offenses of conviction and specifies both the laptop computer and the camera. Moreover, as noted above, the government adduced ample evidence at trial regarding both the production of the video with the camera, and also the existence of the video later on the laptop computer.

III. Conclusion

For all of the reasons stated above, defendant's Motion for Dismissal of Count Two is DENIED.

IT IS SO ORDERED.

Dated: April 12,_2012          _____
                                D. Lowell Jensen
                                United States District Judge